**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

_____

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4845*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3124*<br>*TTY/TDD: 410-962-4462* |
| *Robert R. Harding*<br>*Chief of Narcotics* | | *Robert.Harding@usdoj.gov* |

March 19, 2013

The Honorable Richard D. Bennett
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

               Re: *United States v. Nicky Cash, et al.*
                   RDB-11-0547

Dear Judge Bennett:

      Please accept this letter as a brief response to the Sentencing Memorandum on Behalf on Nicky Cash filed on Saturday, March 16, 2013.

      The Memorandum at 2 mentions Cash's 17 years of continuous employment as a manager at various clubs on East Baltimore Street. This steady income seemingly removed any financial justification for criminality, yet Ms. Cash used her legitimate positions to further her criminality. She recruited new members of DMI from among the women who worked in the strip clubs, and she enabled many to supplement their incomes selling drugs.

      The Memorandum at 5-6 and elsewhere alludes to the control Roark exerted over Cash and others. It is equally true that it was Cash – more than any other defendant – who enabled Roark to exert his control. Roark was on administrative segregation in Super Max in 2009-11. Cash was not Roark's only liaison with the outside world, but in our opinion, she was for years Roark's primary liaison with the outside world, the person who transmitted his messages and the primary supplier of contraband to him – including cell phones. Cash was not only the head of the Diamonds, she became an Elder of DMI, and she readily exploited her position as Roark's main girlfriend to command authority within DMI.

Cash does not allege a duress defense to the murder of Tony Geiger but the Memorandum at 6 nevertheless depicts her simply passing on an order from Roark and adds that she and her family were subject to death if the order was not carried out. We believe that the full story is more complicated. Our evidence is that Cash's attitude varied over months of discussion and that, at times, she actively advocated for the murder of Geiger.

Finally, Cash makes an issue of her effort to cooperate. Your Honor is aware that we have been very receptive to cooperation in this case. We made an effort with Cash to win her truthful cooperation earlier than for any other defendant, and we did so repeatedly and vigorously. However, we repeatedly concluded that she was misleading and attempting to manipulate us. She has also continued to denounce persons she claims were cooperating, exposing them to danger.

Very truly yours,

Rod J. Rosenstein
United States Attorney


By:_____
    Robert R. Harding
    Assistant United States Attorney


    _____
    Christopher Romano
    Assistant United States Attorney


cc. Harry Trainor, Esq.